UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| HUME HEALTH CORP.<br>Plaintiff<br>v.<br>COSMED USA, INC.<br>Defendant | Civil Action No. 4:25-cv-1048 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Hume Health Corp. ("Hume") manufactures wellness products for use by home consumers, and it sells a personal scale called the Hume Body Pod. Consumers order this product to their home, stand on it while holding an attached handle, and determine basic fitness measurements such as weight and body mass index.

Cosmed USA, Inc. ("Cosmed") sells an Air Displacement Plethysmography machine named the Bod Pod, which is a research-grade system using whole body densitometric principles to determine body composition, involving three separate pieces of proprietary equipment weighing almost 600 pounds, and requiring a second operator. (Exhibit 1.)

Cosmed alleges that Hume is infringing on its BOD POD trademarks. On August 27, 2025, Cosmed counsel's provided a federal complaint (Exhibit 2) and stated "Please see the attached complaint which we have drafted and intend to file in federal court if we do not have assurances that Hume Health will immediately cease using the term or trademark BODY POD in conjunction with advertising and sales of its body composition products." (Exhibit 3.)

Faced with a credible and immediate legal threat, Hume seeks a declaratory judgment that its use of "Body Pod" does not infringe on Cosmed's trademarks nor rise to any other legal impropriety.

## PARTIES

1. Plaintiff Hume Health Inc. is a Delaware corporation with its principal office at 1007 North Orange Street, Wilmington, Delaware 19801.

2. Defendant Cosmed USA, Inc. is a corporation organized under the laws of the State of Illinois and maintains its principal office at 1850 Bates Avenue, Concord, California 94520.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051 *et seq*. The Court further has jurisdiction pursuant to 28 U.S.C. § 1338(a) as the action involves rights in registered United States trademarks. Additionally, this Court may declare the rights and legal relations of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. The Court has personal jurisdiction over Cosmed because, *inter alia*, Cosmed has deliberately directed activities to Texas in the form of at least one interactive website that is integral to their business, i.e., www.Cosmed.com. (Exhibit 4.) Through its website, Cosmed specifically identifies locations in this District where its associated research and academic facilities provide services. (Exhibit 5.) Cosmed sells products and conducts other business activities, on information and belief, in the State of Texas, in connection with the BOD POD mark. Cosmed solicits orders, processes payment, and sells goods to users, including, on information and belief, Texas users.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## **EXISTENCE OF ACTUAL CONTROVERSY**

6.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

7.     On August 27, 2025, Cosmed counsel's provided a federal complaint (Exhibit 2) and stated "Please see the attached complaint which we have drafted and intend to file in federal court if we do not have assurances that Hume Health will immediately cease using the term or trademark BODY POD in conjunction with advertising and sales of its body composition products." (Exhibit 3.)

8.     In the complaint, Cosmed asserts that Hume is liable for "trademark infringement under federal law, false designation of origin, injury to business reputation and/or trademarks, [and] common law unfair competition." (Exhibit 2 at page 1.)

9.     Cosmed accusations as set out in its complaint are without basis because consumers are not likely to be confused by Hume's use of the phrase "Body Pod." Notably, the products are dissimilar, in that Hume's product is a home consumer purchase whereas Cosmed's product is a sophisticated and professional set of equipment requiring a separate operator and weighing almost 600 pounds. Further, Hume's products are sold directly to end consumers via retail platforms such as Amazon, whereas Cosmed's products are sold to institutional purchasers using distributors. Finally, Cosmed has provided no examples of actual confusion and is unlikely to have such examples.

10.     Despite attempts by Hume to seek a resolution, Cosmed's counsel wrote on September 15, 2025, "If we don't have a commitment from you this week, we will proceed to file the lawsuit." (Exhibit 6.)

11.     Based on the foregoing, a justiciable controversy exists between Hume and Cosmed as to whether Hume's conduct constitutes trademark infringement under federal law, false designation of origin, injury to business reputation and/or trademarks, or common law unfair competition.

12. In view of Cosmed's threats and allegations, Hume needs and is entitled to a judicial declaration that Hume's conduct does not infringe Cosmed's alleged trademark rights, does not constitute false designation of origin, does not constitute injury to business reputation and/or trademarks, and does not constitute common law unfair competition.

13. Absent a declaration to this effect, Cosmed will continue to wrongfully allege that Hume's products advertised or sold using the phrase "Body Pod" infringe Cosmed's alleged trademark rights, thereby causing Hume irreparable injury and damage.

## COUNT ONE
## DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

14. Hume realleges the allegations above as if fully set forth here.

15. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Hume has not infringed and is not infringing Cosmed's alleged trademark rights.

16. A judicial declaration is necessary and appropriate so that Hume may ascertain its right to continue using the phrase "Body Pod."

17. Hume is entitled to a declaratory judgment that Hume's use of the phrase "Body Pod" is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Cosmed under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

## COUNT TWO
## DECLARATORY JUDGMENT OF NO FALSE DESIGNATION OF ORIGIN

18. Hume realleges the allegations above as if fully set forth here.

19. As a result of the acts described in the preceding paragraphs, there exists a controversy of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Hume has not falsely designated the origin of any goods.

20.     A judicial declaration is necessary and appropriate so that Hume may ascertain its right to continue using the phrase "Body Pod."

21.     Hume is entitled to a declaratory judgment that Hume's use of the phrase "Body Pod" is not likely to cause consumer confusion and does not violate any trademark rights of Cosmed under 15 U.S.C. § 1125(a).

## COUNT THREE
## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

22.     Hume realleges the allegations above as if fully set forth here.

23.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Hume has not engaged in and is not engaging in unfair competition with Cosmed.

24.     A judicial declaration is necessary and appropriate so that Hume may ascertain its right to continue using the phrase "Body Pod."

25.     Hume is entitled to a declaratory judgment that Hume's use of the phrase "Body Pod" and its conduct described does not constitute unfair competition under 15 U.S.C. § 1125(a) or under any common law justiciable by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Hume respectfully requests that the Court enter judgment in its favor and grant the following relief:

a. Adjudging that Hume has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Cosmed under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

b. Adjudging that Hume has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a);

c. Restraining and enjoining Cosmed and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Hume's use of the phrase "Body Pod" infringes or dilutes any of Cosmed's rights in its trademarks or constitutes unfair competition;

d. Declaring Hume the prevailing party and this case as exceptional, and awarding Hume its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

e. Awarding Hume all fees, expenses, and costs associated with this action; and

f. Awarding such other and further relief as this Court deems just and proper.


Dated: September 24, 2025

Respectfully submitted,

**Scale LLP**

By: _/s/ James H. Creedon_
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel. 415.735.5933

        jcreedon@scalefirm.com
        cwallace@scalefirm.com

        and

Sabina Schiller
548 Market Street, Suite 86147
San Francisco, California 94104
sschiller@scalefirm.com

ATTORNEYS FOR PLAINTIFF
HUME HEALTH CORP.